IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY DICKERSON, #26494-044**

    **Petitioner,**

vs.                                         **CIVIL NO. 11-cv-404-DRH**

**UNITED STATES OF AMERICA,
FCI GREENVILLE, WARDEN CROSS,**

    **Respondents.**

## **MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of good conduct credit and expungement of a disciplinary ticket.

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

## THE COMPLAINT

On July 10, 2010, petitioner's cell was shaken down, and a knife was discovered underneath his locker. After an initial investigation, the investigating officers recommended that the charges against petitioner be dropped, as his cellmate had confessed that the knife belonged to him, and not petitioner. However, petitioner was officially charged with possession of contraband, based on prison policy that dictates that inmates are responsible for all contraband found in their cells, and that all inmates in the cell are equally responsible. On August 4, 2010, petitioner was found guilty, and lost 41 days of good time credit, and was given 45 days of segregation. Petitioner complains that because his cellmate confessed to owning the contraband, that the disciplinary proceedings should not have proceeded against him. Petitioner does not allege that the proceedings were flawed in any other way. Petitioner requests the restoration of the 41 days of good conduct credit, and the expungement of the disciplinary report from his record.

## ANALYSIS

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence

in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)(emphasis in original).

In this case, petitioner was charged with a violation of Code 104, "Making, Possessing, or Introduction of a Weapon." 28 C.F.R. § 541.13, Table 3. At issue in this case is whether an inmate can be found in constructive possession of contraband, even after his cellmate has claimed ownership of the property. In this case, the Disciplinary Hearing Officer (DHO) identified no evidence suggesting that petitioner knew that the knife was in his cell, underneath his locker. Instead, the DHO rested his finding on the notion that, since possession of contraband cannot be attributed to any single person, all individuals assigned to the cell have equal culpability. When a limited number of inmates have access to the area in which contraband is found, this amounts to constructive possession, and is sufficient to sustain a disciplinary conviction. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). Constructive possession meets the requirement of "some evidence" required to uphold a finding of guilt in a disciplinary hearing. *Id*.

As stated above, the Court must consider whether there was *any* evidence that could support the DHO's finding of guilt. The DHO reported that because the knife was found in petitioner's cell, under petitioner's locker, the advisory board

determined that it supported a finding that the knife could have belonged to petitioner. Based on the lenient standard set out by the Seventh Circuit, this evidence supports the conclusion of guilt reached by both the DHO and the advisory board. It is plausible that because the knife was found in petitioner's cell, underneath his locker, it *could* have been used by Petitioner, even though Petitioner's cellmate claimed ownership of the knife. *See Giles v. Hanks*, 72 F. App'x 432, 434 (7th Cir. 2003) (Even where one inmate claims ownership of contraband, "two individuals may exercise joint possession."); *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001). Because the knife was found within petitioner's cell, he had access to it and could have utilized it the same as his cellmate who claimed ownership could. The advisory board's finding that petitioner shared a cell with another inmate in which a knife was found is enough to constitute "some evidence" of guilt, even where the cellmate claims ownership. *See Giles,* 72 F. App'x at 434; *Hamilton*, 976 F.2d at 345. Because petitioner was found guilty of the offense by "some evidence," he has failed to show that the process he received before losing good time credits was

constitutionally inadequate. For this reason, this petition is dismissed with prejudice.

## SUMMARY

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** August 8, 2011

David R. Herndon
2011.08.08
13:37:37 -05'00'

**Chief Judge**
**United States District Court**